UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SONNY PEGUERO, | ) | CASE NO. 4:14 CV 2642 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN HANSON, FCI ELKTON, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On December 3, 2014, petitioner *pro se* Sonny Peguero, an inmate at the Federal Correctional Institution at Elkton (FCI Elkton), filed this *in forma pauperis* action for writ of habeas under 28 U.S.C. § 2241. The petition and its attachments reflect that Peguero was found guilty by a Disciplinary Hearing Officer of destroying government property. In particular, two tee shirts and a bed sheet in his sole possession at FCI Elktonwere found to be torn. He received 15 days in Disciplinary Segregation and was disallowed 14 days of Good Conduct Time. Peguero asserts the finding of guilt violates due process, because there was no proof the items were not torn when they were originally issued to him.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the

district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir.2011) (quoting Section 2241).

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.2003). A habeas corpus petition under § 2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir.1999). Each of these statutes provides its own type of relief, and for this reason, they are not interchangeable. Because the loss of good time credits affects the manner in which Peguero's sentence is carried out, his petition is properly filed under § 2241.

This court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985). The only question for the court to determine is whether the hearing complied with basic requirements needed to satisfy due process. This standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement

by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569–70.

Due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution*, 472 U.S. at 455. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

There is no suggestion Peguero was not afforded basic due process requirements, and it is apparent on the face of the petition that the DHO had some evidence to support a finding of guilt. Accordingly, the request to proceed *in forma pauperis* is granted, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

    */s/Dan Aaron Polster 4/8/15*
    DAN AARON POLSTER
    UNITED STATES DISTRICT JUDGE